MINUTE ENTRY
KNOWLES, M.J.
FEBRUARY 5, 2007

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **VERNON BRINSON, ET AL** | **CIVIL ACTION** |
| **VERSUS** | **NO. 06-2618** |
| **THE NORTHWESTERN MUTUAL LIFE INSURANCE COMPANY** | **SECTION "A" (3)** |

On this date, the undersigned Magistrate Judge conducted a telephone hearing regarding Plaintiffs' Motion to Quash and/or for Protective Order to Preclude Defendant's Corporate Representative from Attending Plaintiffs' Depositions Remotely via Secure Internet Connection.[1]

**Present were**:  William C. Gambel - on behalf of Plaintiffs

　　　　　　　　Paul Matthew Jones - on behalf of Defendant

Pursuant to hearing for the reasons that the Federal Rules of Civil Procedure expressly authorize depositions to be recorded stenographically, by sound, sound-and-visual[2] and that plaintiffs have provided the Court no reason to justify preclusion of defendant's corporate representative from attending remotely *via* secure internet connection or otherwise,[3] the Court

---

[1] The deposition notices issued by defendant advises that David Perez, defendant's corporate representative/house counsel, will attend via secure internet connection (I-DEP).

[2] Fed. R. Civ. P. 30(b)(2), 30(b)(7) and 30(c).

[3] *See Weisler v. U. S. Dept. of Veterans Affairs*, 2002 WL 987372 (E. D. La. 2002) (Shushan, M.J.)  (noting that Rule 26(c)(5) authorizes the exclusion of witnesses from depositions, *if appropriate*, but that good cause and/or facts demonstrating extraordinary

MJSTAR(00:10)

issued the following order, to wit:

**IT IS ORDERED** that Plaintiffs' Motion to Quash and/or for Protective Order (#38) is DENIED.

_____
**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**

---

circumstances must be demonstrated to justify precluding a party's attendance).